UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANNE SMITH, as parent
and natural guardian of A.S., a minor,

    Plaintiff,

v.

CARNIVAL CORPORATION,
STEINER LEISURE LIMITED,
STEINER TRANSOCEAN LIMITED, and
STEINER TRANSOCEAN U.S., INC.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff hereby sues Defendants and alleges as follows:

### JURISDICTIONAL AND PRELIMINARY ALLEGATIONS

1. The Plaintiff, A.S.,[1] is a minor and is represented in this action by her parent and guardian, ANNE SMITH. ANNE SMITH and A.S. are citizens of Texas.

2. Defendant, CARNIVAL CORPORATION ("CARNIVAL"), is a foreign corporation with its principal place of business in Florida.

3. Defendant, STEINER LEISURE LIMITED, is a foreign company with its principal place of business in Florida.

4. Defendant, STEINER TRANSOCEAN LIMITED, is a foreign company with its principal place of business in Florida.

---

[1] Initials are used to protect the identity of the minor.

5. Defendant, STEINER TRANSOCEAN U.S., INC., is a Florida corporation with its principal place of business in Florida.

6. Defendants STEINER LEISURE LIMITED, STEINER TRANSOCEAN LIMITED, and STEINER TRANSOCEAN U.S., INC. are collectively referred to within this Complaint as "STEINER" and such allegations are applicable to each individual STEINER Defendant as though they were alleged individually against each STEINER Defendant.

7. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

8. At all times material hereto, CARNIVAL personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

   e. The acts of CARNIVAL set out in this Complaint occurred in whole or in part in this county and/or state.

   f. CARNIVAL was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard their vessel, Carnival Breeze (hereinafter "the vessel").

9. At all times material hereto, STEINER personally or through an agent:

- 3 -

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated business aboard vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

e. The acts of STEINER set out in this Complaint occurred in whole or in part in this county and/or state.

10. Defendants are subject to the jurisdiction of the Courts of this state.

11. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

12. At all times material hereto, CARNIVAL owned, operated, managed, maintained and/or controlled the vessel.

13. At all times material hereto, STEINER employed a crew member aboard the vessel believed to be named Carlos (last name unknown) who served in the capacity of a fitness instructor in the spa of the vessel.

14. At all times material hereto, the crew member aboard the vessel named Carlos (last name unknown) was a borrowed servant of CARNIVAL and subject to the control and orders of the ship's officers, including the captain.  As such, CARNIVAL employed Carlos.

15. On November 18, 2016, the Plaintiff was a paying passenger on the vessel which was in navigable waters.

16. On or about November 18, 2016, the Plaintiff was sexually assaulted aboard the vessel by a crew member believed to be named Carlos (last name unknown) who served in the capacity of a fitness instructor.

17. At all times material hereto, the vessel was operated by CARNIVAL.

18. At all times material hereto, the spa aboard the vessel was operated by CARNIVAL and STEINER.

19. Instances of rapes and/or sexual assault occur aboard CARNIVAL's vessels at an alarming rate.  Yet CARNIVAL fails to take adequate steps or provide adequate security and/or training and/or supervision to prevent such rapes and/or sexual assaults, and fails to warn its passengers of the growing epidemic of rape and sexual assault at sea.  CARNIVAL's motive for failing to warn its passengers is financial in nature; that is, CARNIVAL willfully chooses not to warn its passengers about rapes and sexual assaults aboard its ships so as not to scare any prospective passengers away.  Such willful and outrageous conduct on the part of CARNIVAL exposes CARNIVAL to punitive damages.  *See Lobegeiger v. Celebrity Cruises, Inc.*, No. 11-21620, 2011 WL 3703329, 2011 U.S. Dist. LEXI S 93933 (S.D. Fla Aug. 23, 2011).

## COUNT I – VICARIOUS LIABILITY AGAINST ALL DEFENDANTS

The Plaintiff realleges, incorporates by reference, and adopts her allegations set forth in paragraphs one (1) through twenty (20) as though alleged originally herein.

20. At all times material hereto, the crewmember that raped and/or sexually assaulted the Plaintiff was hired and retained by, as well as in the employ of, Defendants for service as a crewmember during said voyage.

21. At all times material hereto, Defendants were and are vicariously liable for the tortuous actions of its crewmembers/employees.

22. At all times material hereto, Defendants were and are vicariously liable for the intentional tort committed by their crew member believed to be named Carlos (last name unknown) who served in the capacity of a fitness instructor in the spa of the vessel, when on or about November 18, 2016, he sexually assaulted the Plaintiff aboard the vessel.

23. As a result of the foregoing, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, emotional distress with physical manifestations of illness and injury, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap and her working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against the Defendants and demands trial by jury.

## COUNT II – NEGLIGENCE AGAINST CARNIVAL

The Plaintiff realleges, incorporates by reference, and adopts her allegations set forth in paragraphs one (1) through twenty (20) as though alleged originally herein.

24. At all times material hereto, it was the duty of CARNIVAL to provide the Plaintiff with reasonable care under the circumstances while she was a passenger aboard CARNIVAL's ship.

25. On or about November 18, 2016, the Plaintiff was injured due to the fault and negligence of CARNIVAL, and/or its agents, servants and/or employees, as follows:

   a. Failure to provide reasonably safe conditions for the Plaintiff during her voyage aboard the vessel. Reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons could physically and/or sexually assault other passengers; having adequate security personnel aboard its vessel; and/or

b. Failure to provide adequate supervision and/or security to protect passengers, including minor passengers aboard the vessel; and/or

c. Failure to adequately supervise crew members aboard the vessel to ensure they do not sexually assault passengers; and/or

d. Failure to provide adequate supervision and/or security in public areas aboard the vessel; and/or

e. Failure to provide adequate supervision and security presence aboard the vessel so as to fail to deter sexual assaults aboard the vessel; and/or

f. Failure to warn parents of minors (including Plaintiff) of the possibilities and/or dangers of sexual assault aboard the vessel; and/or

g. Failure to warn parents of minors (including Plaintiff) of the lack of adequate security aboard the vessel; and/or

h. Representing to passengers that there was adequate security aboard the vessel when, in fact, there was inadequate security aboard the vessel in terms of numbers and training; and/or

i. Failure to adequately monitor passengers generally and minors specifically aboard the subject cruise; and/or

j. Failure to promulgate and/or enforce adequate policies and procedures to provide for the security of passengers aboard the ship; and/or

k. Failure to promulgate and/or enforce adequate policies and procedures to provide for the monitoring of public areas aboard the ship; and/or

l. Failure to adequately manage the spa aboard the vessel; and/or

m. Failure to promulgate and/or enforce adequate policies managing the spa aboard the vessel; and/or

n. Failure to promulgate and/or enforce adequate policies and procedures regarding minors being alone with a crew member aboard the vessel; and/or

o. Failure to warn the Plaintiff and/or her parents and/or passengers of the dangers regarding a minor being alone with a crew member aboard the vessel; and/or

p. Failure to promulgate and/or enforce adequate policies and procedures to provide for adequate security aboard the ship; and/or

q. Failure to protect passengers generally and minors specifically from sexual assaults aboard the subject cruise; and/or

r. Failure to maintain and/or monitor security cameras on the vessel in order to identify potential dangerous situations, incidents, and/or passengers; and/or

s. Failure to warn passengers of the lack of adequate security aboard CARNIVAL's ships; and/or

t. Failure to warn passengers of the dangers of sexual assaults aboard CARNIVAL's ships; and/or

u. Failure to warn passengers of the dangers of sexual assaults on minors aboard CARNIVAL's ships; and/or

v. Failure to warn passengers of the prevalence of sexual assaults aboard CARNIVAL's ships; and/or

w. Failure to warn passengers of the prevalence of sexual assaults on minors aboard CARNIVAL's ships; and/or

x.  Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent crew members from committing physical and/or sexual assaults against passengers aboard the ship; and/or

y.  Failure to promulgate and/or enforce adequate policies and/or procedures designed to prevent crew members from committing physical and/or sexual assaults on minors aboard the ship; and/or

z.  Failure to have adequate security aboard the vessel; and/or

aa. Failure to adequately train security; and/or

bb. Failure to adequately supervise security; and/or

cc. Failure to adequately train crew members; and/or

dd. Failure to adequately supervise crew members; and/or

ee. Failure to comply with the Cruise Vessel Safety & Security Act of 2010 (46 U.S.C. § 3507, et seq.); and/or

ff. Failure to implement and/or enforce an adequate safety management system.

26. All or some of the above acts and/or omissions by CARNIVAL, its agents and/or employees, directly caused and/or contributed to the Plaintiff being sexually assaulted.

27. Based on the prevalence of sexual assaults aboard CARNIVAL's ships, CARNIVAL knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that CARNIVAL, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. In addition, CARNIVAL created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

28. As a direct and proximate result of the negligence of CARNIVAL, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, emotional distress with physical manifestations of illness and injury, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including psychiatric care, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against CARNIVAL and demands jury trial of all issues so triable.

### COUNT III – NEGLIGENCE AGAINST STEINER

The Plaintiff realleges, incorporates by reference, and adopts her allegations set forth in paragraphs one (1) through twenty (20) as though alleged originally herein.

29. At all times material hereto, it was the duty of STEINER to provide the Plaintiff with reasonable care under the circumstances while she was a passenger aboard the vessel and in the spa.

30. On or about November 18, 2016, the Plaintiff was injured due to the fault and negligence of STEINER, and/or its agents, servants and/or employees, as follows:

   a. Failure to provide reasonably safe conditions for the Plaintiff while in the spa aboard the vessel. Reasonably safe conditions include, but are not limited to, preventing an atmosphere wherein persons could physically and/or sexually assault passengers; and/or

b. Failure to provide adequate supervision and/or security to protect passengers, including minor passengers in the spa; and/or

c. Failure to adequately supervise crew members in the spa to ensure they do not sexually assault passengers; and/or

d. Failure to warn parents of minors (including Plaintiff) of the possibilities and/or dangers of sexual assault in the spa; and/or

e. Failure to warn parents of minors (including Plaintiff) of the lack of adequate security in the spa; and/or

f. Failure to adequately manage the spa aboard the vessel; and/or

g. Failure to promulgate and/or enforce adequate policies managing the spa aboard the vessel; and/or

h. Failure to promulgate and/or enforce adequate policies and procedures regarding minors being alone with a crew member in the spa; and/or

i. Failure to warn the Plaintiff and/or her parents and/or passengers of the dangers regarding a minor being alone with a crew member in the spa; and/or

j. Failure to promulgate and/or enforce adequate policies and procedures to provide for adequate security in the spa; and/or

k. Failure to protect passengers generally and minors specifically from sexual assaults in the spa; and/or

l. Failure to maintain and/or monitor security cameras in the spa in order to identify potential dangerous situations, incidents, and/or passengers; and/or

m. Failure to warn passengers of the lack of adequate security in the spa; and/or

n. Failure to adequately train crew members in the spa; and/or

    o. Failure to adequately supervise crew members in the spa; and/or

    p. Failure to comply with the Cruise Vessel Safety & Security Act of 2010 (46 U.S.C. § 3507, et seq.); and/or

    q. Failure to implement and/or enforce an adequate safety management system.

31. All or some of the above acts and/or omissions by STEINER, its agents and/or employees, directly caused and/or contributed to the Plaintiff being sexually assaulted.

32. STEINER knew or should have known of the foregoing conditions causing the subject sexual assault and did not correct them, or the conditions existed for a sufficient length of time so that STEINER, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  In addition, STEINER created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

33. As a direct and proximate result of the negligence of STEINER, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering, mental anguish, emotional distress with physical manifestations of illness and injury, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including psychiatric care, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

    WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against STEINER and demands jury trial of all issues so triable.

- 12 -

                                  Respectfully submitted,

                                  LIPCON, MARGULIES,
                                ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By:    */s/ Jason R. Margulies*
        **JASON R. MARGULIES**
        Florida Bar No. 57916
        jmargulies@lipcon.com
        **JACQUELINE GARCELL**
        Florida Bar No. 104358
        jgarcell@lipcon.com